Mr. Rubin, are you ready? Yes, Your Honor. Good morning. Thank you. May it please the Court. Philip Rubin on behalf of the United States. This case involves what seems is a really classic question of statutory interpretation. You start with the text, you look at the context, you look at the structure, you look at the purpose. In another way, this case is really a question of ordinary language. In the ordinary meaning, to people on the street, to people who wrote the statute, everywhere of the phrase means of identification of another person includes deceased persons. As anyone who's ever held an ID or a document of a past loved one in their hand knows, that document refers to a person. Perhaps that's why every single circuit that has addressed this question has unanimously held that the text, context, and structure of the statute compel the conclusion that deceased persons are persons under Section 1028A. We ask this Court to reverse the judgment of the district court in order that it reinstate defendants' plea to count to and count to itself and join with your sister circuits in that conclusion. The way I look at this case is that, say, somebody went and shot a person, killed him, and then took all the credit cards off the body and then went out and used them. It just makes sense to me that it has to be a crime. I think that's exactly right, Judge Floyd. And if I can make a mistake of statutory interpretation and skip to context, I think I can elaborate on your concern because Subsection A2 actually really shows the example of what you're talking about. Because Subsection A2 is about terrorism. And it uses the exact same phrase that we're talking about here, means of identification of another person. And it also includes another way to commit a crime, to commit a terrorism offense, which is using a false identification document. Under the defendant's argument, the reasoning of the district court, if you killed someone and took their passport to use it to commit a terrorism offense, that would not satisfy this definition because a real passport that is unaltered is not a false identification document as it's defined in the statute. It has to either be fake, just made up, or you have to alter it after it was issued. And according to their argument, it wouldn't be a means of identification of another person because the person is dead, just like in your example, Judge Floyd. And so Congress would have made that statute apply to a fake, made-on-my-printer-at-home passport or to a passport of a real person who's alive, but not a passport of a person I killed in order to get it. Congress could write that statute, but I think it would take a lot to assume that that's what they did. And I don't think anyone has argued in this case that the term, the phrase, means of identification of another person has to mean the same thing in A2 as it means in A1. And so I would return back now to the text of A1, and I want to emphasize that we're not really interpreting just the word person in this case. Just like, Judge Keene, in your opinion in Hilton, you talked about the statutory phrase, means of identification of another person. And I think that's what led the First Circuit in Jimenez to say that the natural reading of this phrase isn't ambiguous at all. They said, and I'm quoting from the case, were one presented with one's late father's Social Security card, for example, and asked whether that was the means of identification of a person, the natural response would be, yes, it's my father's, rather than, no, it used to be the means of identification of a person, but now he is deceased. And so ordinary language actually controls this case, and so it makes it so much different than Hilton. The Hilton approach is exactly the right approach. That was also a classic case of statutory interpretation. It looked at the text. It looked at the context, the purpose, the history. It's just a formula that gets a different answer in this case. That's a much closer question whether person in 1028A refers to corporations. Here, it's whether it refers to people, living and deceased. And so we're not asking the court to do anything crosswise with Hilton, but simply to apply the framework that it issued in that case. Returning a little bit to context and structure, I can't help but note that the Supreme Court's decision in Flores, just like in Hilton, I think this court mentioned it wasn't really relevant to the definition of person, but I do think it's relevant, this question, in a very specific way. So the Supreme Court held in Flores that the knowledge requirement applies across all the elements, so you have to know it's the means of identification of a person, but it has to be a living person. That would mean a defendant charged with Section 1028A would have to know the person whose identity they're using is alive. And I would submit to you that will actually make prosecutions of this crime incredibly difficult, even in the instances that would not be prohibited because it's not a deceased victim. You kind of have two kinds of identity theft. The one in this case where he knew the person, knew he was deceased, used their identity. But there's also a very common form of identity theft where the person gets the ID from something. They steal it from their employer somewhere. They get it from a dumpster. They hack it off of a computer server or something. They might know it's a person just based on the contacts, but they don't know if that person's alive or dead. And under Flores, we would have to be able to prove beyond a reasonable doubt he knew that person was alive. I would submit to you that the basic fundamental operation of the statute would be severely wounded if that were the requirement. Again, it's another strong contextual hint that this plain language that we would submit to you already includes deceased persons. That's the correct interpretation. In looking more broadly, of course, to the purpose of the statute, this is a crime that's designed to protect against the worst kinds of identity theft. We have basic identity theft statutes. This is aggravated identity theft because we recognize that when you steal the means of identification of a real person, it's both more damaging and more effective. And I think, again, of the First Circuit's opinion in Jimenez, they talk about how actual identification information, quote, provides better cover for the wrongdoing than one based on wholly fabricated identities, regardless of whether the person whose identity is stolen is alive. And I think that's exactly right. So the purpose of this statute aligns. And that's very different from Hilton, where the question was about corporations. And I will acknowledge there's really not a lot in the context and the history of the statute to give you an answer one way or the other. Here we have everything points the same way. The statutory context is inclusive of deceased persons. The purpose is inclusive. And then I would submit to you, you don't need to reach legislative history. But if you were to reach legislative history, there's statements. It's not an overwhelming amount of legislative history on this. But what we do have is a statement from one of the co-sponsors, Representative Schiff, who says, I take it by choice of that language that these enhancements apply when the fraudulent identification is that of another person, either live or deceased, but an actual individual. Again, I don't think you need to reach legislative history in this case. I also would submit to you that that's another indicator of just the plain common understanding of what this language meant at the time it was passed. And so when we say that we think an ordinary person would interpret it that way, it seems like that's what they were interpreting it as at that time. That is the substance of my argument. And I do want to address that we think the district court, it's very clear from the record to me that the district court's decision to allow the defendant to withdraw from his guilty plea to count two and its decision to dismiss count two were one and the same. They were based on the same district court's decision in Henderson ruling that deceased persons aren't victims under 1028A. So our entire argument in this case goes to both, that the district court committed legal error both in allowing the defendant to withdraw his guilty plea to count two and then in dismissing that count. Why did the government voluntarily dismiss the appeal in Henderson? I can't speak to it, Your Honor. You don't know why? I do know some of it, but it would be privileged internal communications in the government. I will say that I think this is a better case for it. And actually, this has come up three times before the same district court. We pointed out to the district court below that he'd actually sentenced the defendant who had stolen the identity of a deceased person, I believe it was after Henderson. And so this is coming up with some frequency, so we knew that we would be taking it up in some case at the right time. If the court has any further questions, I'd be happy to answer them. Thank you. We ask that you remand the judgment. Thank you. Mr. Son. May it please the Court. I'm Paul Son, Kelly Dagger, and I represent Lester George. Your Honors, the question in this case is how to interpret the word person in Section 102A when person may or may not include deceased persons. It has to be conceded that a person may or may not include deceased persons. The government admits that. All of those cases that are the other circuit cases say that it may or may not. Dictionaries, common usage, et cetera. To answer the question, this Court would apply the same principle that it applied in Hilton and that the Supreme Court says must be applied in every interpretation of every criminal statute, which means that it must be strictly construed and Congress must plainly and unmistakably show that the conduct is prescribed. That's not the case here. There isn't anything that plainly and unmistakably shows that deceased persons are covered by the statute. That's how the mistake was made by those other circuit courts. I pointed out in our brief none of those other courts acknowledges this Court did in Hilton that that's the principle that has to be applied in construing a criminal statute. It has to be strictly construed. You have to look for something that plainly and unmistakably prescribes the conduct. You know, it strikes me you've used the word deceased persons several times. Does the fact that you used the adjective answer the question? I'm sorry, Your Honor, I didn't catch the question. Does the fact that you used that adjective answer the question? No, Your Honor. It can. And that's my point. That is exactly my point. Person can include a deceased person, but it doesn't always include a deceased person. I think the question is, why are not deceased persons a subset of all persons? Well, it is a subset, Your Honor. And so to expressly include that narrower component that's not necessarily part of the term person, I want to back up, Your Honor. I don't think it's a subset. Okay. But if let's say that, you know, the issue was that you – it was a crime to sell apples on the street. Apples can only be sold in grocery stores. So that if I sold a Macintosh apple, I could say I wasn't given notice under the statute because I wasn't told that a Macintosh apple qualified as an apple. You see what I'm saying? It seems to me that once you're in a subset of the umbrella noun, if you will, the case is almost resolved. I mean, how would I not – how could I make a credible argument that I wasn't selling – that a Macintosh apple was a crime if it was a crime to sell apples? You see what I'm saying? And I think that's analogous to hearing. If it isn't analogous, tell me why it isn't. I think a Macintosh apple would always be an apple, just like a living person would always be a person. But a deceased person isn't always a person. How do we know that? I mean, it – Well, dictionaries, for example, Your Honor. When the courts are looking for the plain meaning of a term, they often look to dictionaries. So you're saying a deceased person has to – excuse me, a person has to be alive? Yes. Do you have any case law that supports that? None of the courts that have looked at this question have said that person has to be alive. Right. And I'm not talking about only the statute. Do you have any case law at all that interprets a statute regarding a person to say that person has to be alive? I don't know, Your Honor. I haven't cited anything in the brief. Assuming you don't, like one idea you could point to is the dictionary definitions, like the American Heritage Dictionary, which defines person as a living human being. Yes. Right, and so there are dictionaries that define person to be a living human being, but you also have to acknowledge there are dictionaries that describe person to include both living and deceased. Judge Richardson, that was my point, that it may or may not, it can but doesn't necessarily. Person may include deceased persons as that term is used. It doesn't necessarily. I would point to the court's analysis of the word individual in Hilton. So the court recognized that under the Dictionary Act, person always includes corporation. And, of course, the question in Hilton was, does the term person include corporation? And the court said, well, first of all, we're going to look at the Dictionary Act, as would always be required when the term person is used. And, yes, it does include corporations. But the definition is means of identification of another person. And means of identification looks to a specific individual. And so the court said, we also have to look at the term individual. And what the court said, individual may or may not include corporation. So just like the word person may or may not include a deceased person, dictionaries are the best evidence of that, the court recognized in Hilton corporation, I'm sorry, person may or may not include individual. Individual may or may not include corporation. And so the court said, we've got to find something very specific, very clear, plain, and unmistakable in the courts, in Congress's inclusion of the word person to mean corporation, and it didn't find that. Nothing in the text. Sotomayor, your case can pretty much be summed up, then, to say the statute is ambiguous. Yes. Apply the rule of lenity. Isn't that pretty much your case? I don't think you have to get to the rule of lenity to rule in Mr. George's favor, Your Honor, because, again, it's shifting the burden, then, for Mr. George to have to show that there is the ambiguity isn't overcome by some text, structure, legislative history, et cetera. Well, I take it you're saying it just doesn't matter, it's ambiguous. If we're having this debate to begin with, it's ambiguous. It is ambiguous. Okay. And in order for the government to show that person does when it may or may not, the government has to show that there is something plain and unmistakable in the rest of the statute or in the legislative history or the structure or the context or something that causes the court to say we must include person within the definition of person, a deceased person. And that's just — Isn't that because Hilton is applying, you know, Section 1, the dictionary piece that sort of includes that idea that person only includes corporation when the context suggests it? I'm paraphrasing the definition. But, I mean, it took me that that's the part of Hilton that sort of made context so important is because the definition of person given by Section 1 said that person includes corporations but only when the context, like, supports that interpretation. And when you look at this statute, the reference to specific individual and the surrounding circumstances did not suggest that it was a corporation. But that analysis, turning on Section 1, doesn't translate very well for you, I don't think. Your Honor, the dictionary definition actually works the other way, in that person would include corporation unless the context shows otherwise. I then agree with how Your Honor worked through what the Hilton court did and said, okay, well, the context, which includes the word individual, which may or may not include corporation, well, maybe that does establish that corporation wouldn't be part of person in this case. And it is ambiguous. But it is the case that corporation, under the Dictionary Act, is part of person unless the context shows otherwise. I don't think that necessarily helps in this case, except to say that when person is defined in the Dictionary Act, it doesn't say deceased person. It says individual, corporation, bodies, politics, et cetera, and individual. And, again, those are the two words that the court looked at in Hilton and said, we've got to find something very clear when there isn't a clear indication in the statutory language to say it's going to be covered, a corporation is going to be a person covered by the statute. I do want to address two other points that counsel raised, in addition to the framing of the issue. Judge Floyd, you asked whether, you know, how could it not be a crime for someone to murder someone and then take and use the credit cards or the passport or something. That would be a crime. It, in our view, would not be aggravated identity theft, but there would be other crimes that could be charged to a person who committed those acts. It just wouldn't be aggravated identity theft. And it is the case, Your Honors, that the government's argument is, despite what counsel just said, that in A2 and A1, the meaning of means of identification of another person has to be the same thing. That's their whole argument. All of the circuit courts who looked at the so-called context said, we're going to look at A2 first and then back into what A1 must mean when it uses that same phrase or that same word, person, means of identification of another person. So it is the case that you have to get the same meaning in both A2 and A1. And I want to highlight something again. It's raised in our brief, but under A2, Congress did, in connection with certain terrorism offenses, expand the scope of offense conduct that would be covered because it added the language beyond, in addition to, means of identification of another person or false identification document. Congress clearly did intend to expand the scope of criminal conduct that would be covered by A2, but it did so not by suggesting that there was a broader meaning to the word person, but by adding this separate component to the statute. That's what was added. That's consistent with the statutory purpose that the government said is what's going on here. The Congress is clearly concerned about terrorism offenses. They added a provision that speaks to that directly, means beyond, not means of identification of another person, but a false identification document. I will address, just briefly, Your Honors, the second issue that we raised in the brief, and that is that the government waived appellate review of the question whether the district court erred when it allowed Mr. George to withdraw his guilty plea. There's only one issue identified in the government's brief. The issue, which is on page 2 of their brief, is whether the government, whether the district court erred in dismissing the aggravated identity charge. In their summary of argument, which is on page 9, the government says the district court erred when it granted defendants' motion to dismiss count 2. It doesn't say anything about the withdrawal of the guilty plea. Its heading in the argument is the district court erred in dismissing the aggravated identity theft count. What the government points to is then a sentence in the body of the argument where they do mention the motions, plural. That's the first time the government mentions anything about the motion to withdraw the guilty plea. And respectfully, Your Honor, they don't make any argument why it was erred to withdraw the guilty plea. I could contrast that to what the government did at trial. When there was a motion to withdraw the guilty plea and the concomitant motion to dismiss count 2, the government opposed both of those motions and made an argument why it was err for the district court to dismiss count 2 and also why it was err for the district court to grant the motion to withdraw the guilty plea appropriately. And this is on page 43 and 44 of the Joint Appendix. Appropriately, what the government's counsel cited was Rule 11d2b. That's the rule of criminal procedure that says when a guilty plea has been accepted and before sentencing, it may be withdrawn for a fair and just reason. So that's what the test, is there a fair and just reason? And the government's counsel argued at trial there wasn't a fair and just reason. There wasn't anything wrong with the Rule 11 colloquy. And none of the other factors that sometimes are considered by courts looking at whether there's a fair and just reason, none of those other factors applied. There isn't any of that in this brief, Your Honor. And if I tried to make the argument that the government was making here, they would say that I waived that argument because there isn't any argument in the brief why it was air for a district court to have granted the motion to withdraw the guilty plea. In summary, Your Honor, we respectfully contend that by applying the rules of statutory construction that this Court did in Hilton and the Supreme Court says must be applied in every criminal case to strictly construe the statute, person does not include Mr. Rubin. Just a few points in rebuttal briefly. I would start with the waiver point that my colleague ended with. And with great respect to him, no, we would not have made a waiver argument in these circumstances. I've made plenty of waiver arguments and plain error arguments for usually the respondent. I've certainly done that before. But I think it was clear to everyone that this was one legal decision with two sentences. It's in the very, you know, my colleague said it was one sentence in our brief. One, it wasn't. It was multiple. It was the first sentence of the first, or it was the first paragraph of the argument section of our brief says that is what the error was. Our relief requested both in the opening brief and the reply brief was that you would remand and order the district court to reinstate defendant's plea and count two. And at any rate, if you were to look at the second sentencing transcript, it could not be more clear that the district court made its decision to allow him to withdraw his guilty plea for the exact same reason it does the count. In fact, the district court actually didn't say anything about dismissing the count first. The parties talked about Henderson. In the first sentencing hearing, the court, it's only two pages long, I think, because the court told the government, look at what I said in Henderson. We'll come back when you've read it. And then it comes back. They argue about Henderson. The court says, I'm going to allow you to withdraw your plea. Defense counsel then stands up and says, are you also dismissing it? And he says, oh, yes. I mean, these were decisions that Risen felt. And you don't have a series of factors when the question about a pure question of law as to someone's innocence. We would certainly agree. If you hold against us in this case and say deceased persons don't qualify, he should absolutely be allowed to withdraw his plea. I mean, no one would try and hold him to it. We just submit that if you hold the district court was legally wrong, then it erred in both circumstances. Then the other things that I would say are just, in his intro and throughout his argument, my colleague brought the word person as if that's the thing to interpret. And I get it. But the phrase to interpret is means of identification of another person. It's not just the word person. Dictionaries are great. They're helpful for one thing, which is to see whether a particular meaning is within the ambit of a word. They don't really tell you more than that. What you get is context. And so I think when you look at that phrase in context, the text alone is clear. And then when you add the context and the structure, and particularly when you look at Section A-1 and A-2, the other circuits didn't back into it. What they did is they looked at the text of A-1, and then they said, well, we're also mindful of the fact that if we interpreted it the way the defendant is arguing, it would deeply undermine A-2. And I just don't think Congress expanded the statute to include a completely fake made-up passport and intended to exclude a very real passport or Social Security card or document used of a deceased person. I mean, that just seems nonsensical to me. So I would ask you to join. We've been able to find any decision of any court, circuit court, district court, other than the district court below, that has held that a deceased person is not a subset of person included within the statute. We'd ask you to join with that unanimous opinion outside of this district court. Thank you. All right, sir. Thank you. And I would like very much to thank counsel for the defendant for all of your able work in this case. Thank you very much for your work. You've greatly assisted us in determination of this case. I'd ask the clerk to adjourn court, and then we'll come down and greet counsel. This honorable court stands adjourned. Signed, Adai. God save the United States and this honorable court.
judges: Barbara Milano Keenan, Henry F. Floyd, Julius N. Richardson